FILED
 2014 Aug-22  PM 03:28
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **BERRY KEVIN OGLE,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**CAROLYN W. COLVIN,** )<br>**Acting Commissioner of Social Security,** )<br>)<br>**Defendant.** ) | **CIVIL ACTION NO.**<br>**4:13-CV-0129-AKK** |

## MEMORANDUM OPINION

Plaintiff Berry Kevin Ogle ("Ogle") brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). This court finds that the Administrative Law Judge's ("ALJ") decision - which has become the decision of the Commissioner - is supported by substantial evidence. Therefore, for the reasons elaborated herein, the court will affirm the decision denying benefits.

### I.  Procedural History

Ogle, whose past relevant experience includes work as a carpet installer, warehouse worker, and cleaner, filed an application for Title XVI Supplemental Security Income on February 4, 2010, alleging a disability onset date of January 25, 2010, due to a

back injury and abdominal hernia.[1]  (R. 8, ).  After the SSA denied Ogle's claim, he requested a hearing before an ALJ.  (R. 66).  The ALJ subsequently denied Ogle's claim, (R. 5-14), which became the final decision of the Commissioner when the Appeals Council refused to grant review.  (R. 1-4).  Ogle then filed this action for judicial review pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g).  Doc. 1.

## II.  Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards.  *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  Title 42 U.S.C. § 405(g) mandates that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence."  *See id*.  (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).  Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such

---

[1] Ogle testified that he had no problems other than with his back, (R. 52), and does not contend on appeal that any other condition causes restrictions in his ability to work.

relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted).  If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings.  *See Martin*, 894 F.2d at 1529.  While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III. Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).  Specifically, the Commissioner must determine in sequence:

   (1)   whether the claimant is currently unemployed;
   (2)   whether the claimant has a severe impairment;

    (3)    whether the impairment meets or equals one listed by the Secretary;

    (4)    whether the claimant is unable to perform his or her past work; and

    (5)    whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).  "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* at 1030 (citing 20 C.F.R. § 416.920(a)-(f)).  "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

    Lastly, where, as here, a plaintiff alleges disability because of pain, he must meet additional criteria.  In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." *Holt v. Barnhart*, 921 F.2d 1221, 1223 (11th Cir. 1991).  Specifically,

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.[2]

---

[2] This standard is referred to as the *Hand* standard, named after *Hand v. Heckler*, 761 F.2d 1545, 1548 (11th Cir. 1985).

*Id*. However, medical evidence of pain itself, or of its intensity, is not required:

> While both the regulations and the *Hand* standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, *neither requires objective proof of the pain itself.* Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the *Hand* standard *a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself. See* 20 CFR §§ 404.1529 and 416.929; *Hale* [*v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)].

*Elam v. R.R. Ret. Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991) (parenthetical information omitted) (emphasis added). Moreover, "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Holt*, 921 F.2d at 1223. Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, the ALJ must find a disability unless the ALJ properly discredits the claimant's testimony.

Furthermore, when the ALJ fails to credit a claimant's pain testimony, the ALJ must articulate reasons for that decision:

> It is established in this circuit that if the [ALJ] fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the [ALJ], as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the [ALJ] be supported by substantial evidence.

*Hale*, 831 F.2d at 1012. Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if the ALJ's reasons are not supported

by substantial evidence, the court must accept as true the pain testimony of the plaintiff and render a finding of disability. *Id.*

### IV.  The ALJ's Decision

In performing the five step analysis, the ALJ found that Ogle had not engaged in substantial gainful activity since February 4, 2010, and, therefore, met Step One. (R. 10). Next, the ALJ found that Ogle satisfied Step Two because he suffered from the severe impairments of "degenerative arthritis of the lumbar spine and hypertension." *Id*. The ALJ then proceeded to the next step and found that Ogle failed to satisfy Step Three because he "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." (R. 11). Although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ proceeded to Step Four where he determined that Ogle has the residual functional capacity (RFC) to perform

> sedentary work as defined in 20 CFR 416.967(a) that allows for occasional stooping, bending, and climbing and no climbing of ladders and scaffolds. He is precluded from concentrated exposure to extreme cold and heat. He is to avoid exposure to continuous vibrations and cannot work around unprotected heights.

*Id.*. In light of his RFC, the ALJ held that Ogle "is unable to perform any past relevant work." (R. 13). Lastly, in Step Five, the ALJ considered Ogle's age, education, work experience,[3] and RFC, and determined "there are jobs that exist in significant numbers in

---

[3]  As of the date of the ALJ's decision, Ogle was 31 years old, had a limited education, and past relevant heavy semi-skilled work as a carpet installer/helper, medium

the national economy [Ogle] can perform." *Id.*   Therefore, the ALJ found that Ogle "has not been under a disability, as defined in the Social Security Act, since February 4, 2010, the date the application was filed."  (R. 14).

## V.  Analysis

The court now turns to Ogle's contentions that the ALJ erred (1) in assessing his credibility; (2) by failing to include his pain and herniated disc in the hypothetical question to the vocational expert; and (3) because the RFC finding was not supported by substantial evidence.  *See* doc. 11 at 7-19.  The court addresses each contention in turn.

### A.     The ALJ's Credibility Finding

Ogle contends that the ALJ provided inadequate reasons to support his finding that Ogle's pain testimony was not credible.  Doc. 11 at 10.  In considering Ogle's subjective symptoms, the ALJ first found that Ogle's "medically determinable impairments could reasonably be expected to cause [his] alleged symptoms," (R. 11), and, therefore, that Ogle met the requirements of the pain standard in this circuit.  *See* Section III, *supra*.  However, the ALJ found Ogle's allegations of disabling symptoms were not fully credible.  (R. 12).  It is this determination that Ogle challenges, and in light of his appeal, this court must review the ALJ's finding to determine if it is supported by substantial evidence.

---

semi-skilled work as a warehouse worker, and light unskilled work as a cleaner.  (R. 13).

In considering Ogle's testimony, the ALJ systematically discussed the factors relevant to his credibility finding.  First, the ALJ properly assessed Ogle's credibility by noting that although Ogle had "received treatment for acute low back pain in January 2010 at Gadsden Regional Medical Center," and that an "MRI of the lumbar spine at that time revealed generally mild spondylosis with chronic degenerative disc disease at L5-S1 and L4-5 including disc herniations," that his condition had improved by March 2010 when Ogle was examined by Dr. James Richardson, the SSA consultative examiner.  (R. 12).  To illustrate this improvement, the ALJ observed that Dr. Richardson noted that Ogle "walked with a normal gait and was able to get off the chair and on and off the exam table without any difficulty," and that Dr. Richardson's examination showed "a negative straight leg raise all the way to 90 degrees, as well as no muscle spasms, tenderness, crepitus, effusions, or deformities," and also "5/5 motor strength and a normal sensory exam." *Id.*   Second, consistent with the regulations, the ALJ considered "the type, dosage, effectiveness, adverse side effects of any medication,"[4] and observed that Ogle "takes no prescription pain medication." *Id.*   Similarly, the ALJ found Ogle's lack of treatment since January 2010[5] made his allegations of disabling pain less credible. *Id.*; *see Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th. Cir. 2005) (finding the ALJ properly considered gaps in treatment in assessing credibility).  Moreover, contrary to

---

[4] 20 C.F.R. § 404.1529(c)(3)(iv), (vi).

[5] In fact, the January 30, 2010, admission for complaints of severe back pain after lifting a piano at work is the only treatment note in the record.

Ogle's contention that the ALJ did not consider whether Ogle could afford treatment in making his credibility finding, doc. 11 at 17-19, the ALJ observed that while Ogle "testified about not having insurance, the record does not indicate that he has sought treatment at charity clinics." (R. 12). Third, as required by the regulations, the ALJ considered "other factors concerning [Ogle's] functional limitations and restrictions due to pain,"[6] and observed that although Ogle "testified about trying to go back to work at . . . a job that is heavy in physical exertion, . . . there is no indication he looked for jobs that are at a lighter level of exertion." *Id.* Finally, after considering all these factors, the ALJ reasonably found that "while the record supports some limitations, the record does not support chronic moderately severe to severe pain allegations and an inability to work at a reduced range of the sedentary level of exertion on a sustained basis." *Id.*

Ultimately, based on this record, Ogle has failed to show that the ALJ erred in failing to credit his testimony of disabling pain. In fact, the ALJ articulated specific reasons for discounting Ogle's testimony of disabling symptoms–all of which are supported by substantial evidence. Moreover, even though the ALJ did not credit Ogle's testimony of disabling symptoms, he recognized that Ogle had some limitations as reflected in his RFC for a reduced range of sedentary work. Therefore, based on this record, the court finds that substantial evidence supports the ALJ's determination that

---

[6] 20 C.F.R. § 404.1529(c)(3)(i), (vii).

9

these restrictions account for Ogle's symptoms.  Accordingly, because this court does not reweigh the evidence, there is no reversible error in the ALJ's credibility finding.

   B. <u>The Hypothetical Question to the Vocational Expert</u>

  Ogle next contends that the ALJ's hypothetical question to the vocational expert (VE) was inaccurate and incomplete because it "did not consider [Ogle's] herniated disc and related pain." Doc. 11 at 10.  "[F]or a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir.2002). However, an ALJ is "not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004).  Here, the ALJ properly found that Ogle's pain allegations were not fully credible.  Therefore, because the ALJ's hypothetical question to the VE included all of the impairments that the ALJ reasonably found were supported by the evidence, the ALJ committed no error and properly relied on the VE's testimony to find Ogle could perform other work.

   C. <u>The ALJ's RFC Finding</u>

  Ogle's final contention is that the ALJ's "RFC assessment is simply conclusory and does not contain any rationale or reference to the supporting evidence as required by SSR 96-8p." Doc. 11 at 16.  As pointed out by Ogle, SSR 96-8P states that "[t]he RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the

medical and other evidence," 1996 WL 374184 at *7, and this is precisely what the ALJ did. As discussed above, the ALJ provided a detailed analysis of why Ogle's alleged symptom-related limitations were not fully credible based on the evidence, which included negative examination findings and showed a lack of treatment or prescription pain medications. *See* Section V.A., *supra*. Moreover, contrary to Ogle's assertion that the ALJ found he "has minor physical limitations," doc. 11 at 17, the ALJ's RFC assessment restricted Ogle to less than the full range of sedentary work, which represents the presence of significant physical limitations. In short, as required by SSR 96-8p, the ALJ considered Ogle's alleged functional limitations and explained why he found they were not supported by the medical evidence. Accordingly, the court finds no error in the ALJ's RFC finding.

## VI. Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that Ogle is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination. Therefore, the Commissioner's final decision is **AFFIRMED**. A separate order in accordance with the memorandum of decision will be entered.

**DONE** this 22nd day of August, 2014.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE